```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

PRIDE TRANSPORTATION, INC.,     §
ET AL.                          §
                                §   CIVIL ACTION NO.4:10-CV-458-Y
VS.                             §
                                §
KRYSTAL LEE HARBIN, ET AL.      §
```

              ORDER GRANTING MOTION TO REMAND
              AND DENYING MOTION TO SEVER AS MOOT

Before the Court are the Motion to Sever Misjoined Claims (doc. 13) filed by defendant Continental Casualty Company ("Continental") and the Motion to Remand (doc. 19) filed by plaintiff Pride Transportation, Inc. ("Pride").[1] After review, the Court concludes that Pride's claims have not been improperly joined and, therefore, are not removable on the basis of diversity jurisdiction. Accordingly, the Court will grant Pride's motion to remand and deny as moot Continental's motion to sever.

I. Background

In October 2006, an accident occurred involving a vehicle in which Wayne and Linda Hatley were riding and a truck driven by Krystal Lee Harbin. As a result, the Hatleys sued Harbin in a state-law negligence action ("the Hatley lawsuit"). The Hatleys also sued Pride, Harbin's employer, under a theory of respondeat superior. At the time of the accident, Pride was insured by

---

[1] Pride is suing on its own behalf and also as assignee of Krystal Harbin.

Continental under a liability-insurance policy with a $1,000,000 coverage limit ("the Continental policy") and by Lexington Insurance Company ("Lexington") under an excess-insurance policy with a $4,000,000 limit ("the Lexington policy"). Harbin was also insured under these policies. Continental, as the primary liability insurance carrier, defended Pride and Harbin in the Hatley lawsuit.

Initially, Richard Byrne of Ekvall & Byrne, L.L.P. ("Ekvall & Byrne"), served as counsel to both Harbin and Pride. But in May 2007, Byrne withdrew as Pride's counsel. Subsequently, counsel for the Hatleys made a settlement offer to Harbin for the $5,000,000 limits under the Continental and Lexington policies.[2] Harbin ultimately accepted this offer, thereby settling the Hatleys' claims against Harbin ("the Harbin settlement") and exhausting the limits under the Continental and Lexington policies. However, the Harbin settlement did not release Pride from liability. Consequently, the Hatleys pursued their claims against Pride and,

---

[2] Continental characterizes this settlement offer as a Stowers demand. A helpful explanation of the term "*Stowers* demand" is found in *Travelers Indemnity Company v. Citgo Petroleum Corporation*:

> In Texas, the basic tort duty for insurers facing settlement offers is the *Stowers* duty.  Under [*G.A.*] *Stowers* [*Furniture Company v. American Indemnity Company*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved)], an insurer, defending an insured in a lawsuit on a covered claim, when faced with a settlement offer within policy limits, must accept the offer on behalf of its insured when an ordinarily prudent insurer would do so in light of the reasonably apparent likelihood and degree of that insured's potential exposure to a valid judgment in the suit in excess of policy limits. . . .

166 F.3d 761, 764-65 (5th Cir. 1999) (citations omitted).

because of the exhaustion of the policy limits, Continental discontinued its provision of Pride's defense. The Hatleys eventually settled their lawsuit with Pride for $2,000,000; two promissory notes; and an additional $2,000 contingent upon Pride's ability to recover from Continental and Lexington in this Court ("the Pride settlement").[3]

On August 28, 2007, following the Harbin settlement, Lexington filed suit in this Court (No. 4:07-CV-508-A) seeking a declaratory judgment regarding its coverage obligations to Pride. A few days later, Pride filed an action against Continental and Lexington in Utah state court. That case was removed to the United States District Court for the District of Utah and then transferred to this Court on January 2, 2008 (No. 4:08-CV-007).[4] Pride and Lexington subsequently agreed to dismiss the declaratory-judgment lawsuit that Lexington had filed.

On February 10, 2009, Pride filed the instant lawsuit in the 271st Judicial District Court, Wise County, Texas, asserting a legal-malpractice claim against Byrne and his firm, Ekvall & Byrne, and a claim for indemnity against Harbin.[5] On March 9, 2010, Pride

---

[3] The contingency is based upon Pride's claims in No. 4:08-CV-007.

[4] This lawsuit is still pending before the Court.

[5] Pride had previously filed a cross-claim for indemnity against Harbin in the Hatley lawsuit but subsequently non-suited it.

3

obtained an assignment from Harbin of any claims Harbin might have against Continental and Lexington. Consequently, Pride amended its original petition to state claims against Continental and Lexington, as Harbin's assignee, for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and violations of the Texas Insurance Code. On June 28, 2010, Continental removed the action to this Court based on the theory that Pride's claims against Continental and Lexington were improperly joined and, thus, the citizenship of the other defendants should be disregarded for purposes of diversity jurisdiction.[6] On July 12, 2010, Continental filed a motion to sever the misjoined claims and, on August 9, Pride filed a motion to remand.

II. Analysis

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

---

[6] It appears that Pride is a citizen of Utah, that Byrne and Ekvall & Byrne are citizens of Texas, that Continental is a Pennsylvania corporation with its principal place of business in Illinois, and that Lexington is a Delaware corporation with its principle place of business in Massachusetts. Neither party brings Harbin's citizenship to the Court's attention but, after review of various documents filed in this case, it seems that Harbin is a citizen of Washington. (Cont.'s Mot. Sever. App. 20-21.) For purposes of jurisdiction, however, Harbin's citizenship is immaterial, given that Byrne and Ekvall & Byrne are citizens of Texas. Title 28 U.S.C. § 1441 precludes removal on the basis of diversity where at least one defendant is from the forum state. *See* 28 U.S.C.A. § 1441(b).

4

28 U.S.C.A. § 1441(a) (West 2010).  However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)); *see also Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D.Tex. 1992) ("[A]ny doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court.").  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

"Section 1332 provides that 'district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" *Crompton Mfg. Co. Inc. v. Plant Fab, Inc.*, 91 F. App'x 335, 339 (5th Cir. 2004) (quoting 28 U.S.C. § 1332).  This type of jurisdiction, well known as "diversity" jurisdiction, "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).  However, an action is not removable on the basis of

5

diversity jurisdiction if any defendant is a citizen of the forum state. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 381 (5th Cir. 2009) (citing 28 U.S.C. § 1441(b)).

At first glance, diversity jurisdiction does not appear to exist in this case because Byrne and Ekvall & Byrne are citizens of the forum state. Continental asserts, however, that this Court has removal jurisdiction over the instant action on the basis of "improper joinder," a theory originally advanced by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).[7] As this Court has recognized in previous cases, the Fifth Circuit has not expressly adopted the *Tapscott* theory for removal jurisdiction, but has approved of the *Tapscott* analysis in dicta and has relied upon *Tapscott*'s reasoning in allowing removal. *See Tex. Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins.*, 670 F. Supp. 2d 555, 562 (N.D. Tex. 2009). Thus, the Court will give credence to the *Tapscott* theory of removal jurisdiction in the instant case. Should the

---

[7] The *Tapscott* court referred to this theory as "fraudulent joinder," a term coined by the United States Supreme Court in *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914). *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d, 568, 577 n.1 (5th Cir. 2004) (Jolly, J., dissenting). The Fifth Circuit has expressed its preference for the term "improper joinder." *Id.* at 571 n.1 (majority opinion).

6

Court determine that Pride's claims have been improperly joined, the Court will disregard the citizenship of Byrne and Ekvall & Byrne and assume jurisdiction.

The *Tapscott* theory for removal, in essence, provides that "plaintiffs may not misjoin claims under [Federal Rule of Civil Procedure] 20 in order to include a non-diverse defendant and thereby defeat diversity." *Wells Fargo*, 670 F. Supp. 2d at 559. Thus, when a plaintiff improperly joins claims against a non-diverse defendant with claims against a diverse defendant, the Court may disregard the citizenship of the non-diverse defendant and exercise removal jurisdiction over the case. *See Tapscott*, 77 F.3d at 1359-60. However, this requires more than mere procedurally-defective misjoinder. *See Texas Instruments*, 266 F.R.D. at 147; *Wells Fargo*, 670 F. Supp. 2d at 562. "The joined parties and claims must be without a palpable connection, causing the joinder to be egregious, totally unsupported or a purposeful attempt to defeat removal." *Wells Fargo*, 670 F. Supp. 2d at 563 (citing *Bright v. No Cuts, Inc.*, No. 03-640, 2003 WL 22434232, at *5 (E.D. La. Oct. 27, 2003)).

"[D]istrict courts within this circuit have considered numerous cases removed from state court on the basis of allegedly [improper joinder], and the overwhelming majority of those cases have been remanded to state court, often on the ground that even if the parties have been misjoined, such misjoinder is not so

7

egregious as to be fraudulent [or improper]." *Texas Instruments*, 266 F.R.D. at 147 (discussing numerous decisions of district courts within the Fifth Circuit and noting how rarely improper-joinder or fraudulent-misjoinder theories have been advanced with success). Thus, "[e]mpirically speaking, a finding of [improper joinder] has proven to be a disfavored basis for a district court's exercise of jurisdiction after removal, and it is reserved for a very small handful of the most extreme cases." *Id.* There are, however, three narrow situations wherein courts within the Fifth Circuit have concluded that improper joinder exists: (1) where an action contains multiple lawsuits with little or no party overlap; (2) where "numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element"; and (3) where a plaintiff has "joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated." *Texas Instruments*, 266 F.R.D. at 149.

Continental contends that this case falls into the third category. According to Continental, the only unifying factual element among Pride's claims is that they originated in the October 2006 vehicular accident. Continental specifically asserts that "Pride's indemnity claim against Harbin will turn on the events at the time of the vehicular accident" and "Pride's claims as Harbin's assignee against Continental and Lexington . . . turn on the insurers' actions years later in exhausting their policy limits."

8

(Cont.'s Resp. Mot. Remand 13.)  Thus, Continental contends, Pride's claims are wholly unrelated and improperly joined. For support, Continental relies heavily on *Nsight Technologies, LLC v. Fed. Ins. Co.*, 2009 WL 1106868 (S.D. Miss. Apr. 23, 2009). In *Nsight*, the plaintiff was a company whose employee had allegedly embezzled company funds. *Nsight*, 2009 WL 1106868, at *1. In a single lawsuit, the company sued the employee for conversion of the funds and the company's insurance provider for bad-faith breach of the company's employee-theft insurance policy. *Id.* The *Nsight* court determined that these claims arose "out of separate allegations of wrongdoing occurring at separate times" and that they "involve[d] different factual issues and different legal issues." *Id.* at *4. The Court then concluded that the claims had been improperly joined. *Id.* at *5.

Continental's analysis is persuasive, but *Nsight* is ultimately distinguishable from the instant case. In *Nsight*, the sole unifying characteristic of the plaintiff's claims was the underlying embezzlement. In this case, however, Pride's claims are connected beyond just the initial vehicular accident. Each claim relates to the Hatley lawsuit and, more specifically, the Harbin settlement. Pride's claims against Byrne and Ekvall & Byrne, for example, are based on Byrne's alleged negligence in handling the Harbin settlement. Similarly, Pride's claims as Harbin's assignee against Continental and Lexington--although based on a number of

9

theories--all arise out of the alleged conduct of Continental and Lexington during the Harbin settlement, including their alleged failure to act in the Harbin's best interests in approving the settlement.

In all of Pride's claims, Pride seeks to recover the same relief: the money it is obligated to pay as a result of the Hatley lawsuit. Moreover, all of the parties in this case have been involved with both the Hatley lawsuit and the Harbin settlement. The mere fact that Pride is asserting multiple legal theories for recovery does not, by itself, mean that its claims are wholly unrelated. Indeed, Byrne and Ekvall & Byrne recognize as much in their response to Pride's motion to remand. In that response, Byrne and Ekvall & Byrne inform the Court that they intend to request consolidation of Pride's claims for the purpose of conducting joint discovery. Byrne points out that claims can be distinct enough for severance and, at the same time, related enough to support joint discovery. While perhaps true, severance is not the present issue--jurisdiction is. If claims share enough factual elements to merit joint discovery, then it follows that they are not wholly unrelated or "without a palpable connection."

It is worth noting that *Nsight* is representative of only "the most extreme cases." *Texas Instruments*, 266 F.R.D. at 147. Given the complicated procedural history of this case and each party's connection to the Harbin settlement, the Court concludes that the

claims are simply too related to constitute improper joinder. Even if these claims are distinct enough to merit severance under Rule 21,[8] they do not rise to the level of dissimilarity necessary to support application of the *Tapscott* theory of removal jurisdiction. Thus, removal to this Court on the basis of diversity jurisdiction was in error.

III. Conclusion

Accordingly, the Court concludes that subject-matter jurisdiction is absent in this case. The Court GRANTS Pride's motion to remand and DENIES AS MOOT Continental's motion to sever. The above-styled and -numbered cause is REMANDED to the 271st Judicial District Court, Wise County, Texas.

SIGNED October 26, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8] Given the Court's lack of subject-matter jurisdiction, the Court offers no comment on whether severance is appropriate under a theory of proced